IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| FABIAN ROMERO MINARD | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0415-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Fabian Romero Minard, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1991, petitioner was convicted of murder and sentenced to 95 years confinement. His conviction and sentence were affirmed on direct appeal. *Minard v. State*, No. 05-91-00402-CR, 1992 WL 379422 (Tex. App.--Dallas, Dec. 21, 1992, pet. ref'd). Petitioner also filed two applications for state post-conviction relief. The first application was dismissed. *Ex parte Minard*, No. 68,531-01 (Tex. Crim. App. Oct. 3, 2007). The second application was denied without written order. *Ex parte Minard*, No. 68,531-02 (Tex. Crim. App. Feb. 6, 2008). Petitioner then filed this action in federal district court.

II.

In two grounds for relief, petitioner contends that: (1) the prosecutor systematically excluded African-Americans from jury service based on an unconstitutional policy, custom, or practice of the Dallas County District Attorney's Office; and (2) he received ineffective assistance of counsel.

By order dated March 18, 2008, the court *sua sponte* questioned whether this case was barred by limitations. Petitioner addressed this issue in a reply filed on April 7, 2008. The court now determines that the habeas petition should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). This period is tolled while a properly filed application for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner's murder conviction became final for limitations purposes on April 24, 1996--the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner did not return to state court to seek post-conviction relief with respect to his conviction until June 14, 2007--more than *11 years* later. In an attempt to salvage his claims, petitioner argues that the AEDPA statute of limitations did not begin to run until June 13, 2005, the date the United States Supreme Court decided *Miller-El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005). According to petitioner, *Miller-El* created a new rule of constitutional law regarding the discriminatory jury selection practices of the Dallas County District Attorney's Office and he could not have discovered the factual predicate of his jury selection claim until that case was decided.[1] However, *Miller-El* did not create a new rule of constitutional law. Rather, it applied the rule set out in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which was decided *10 years* before the AEDPA became effective. *See, e.g. Johnson v. Quarterman*, No. 3-06-CV-1746-L, 2006 WL 3478342 at *2

---

[1] In *Miller-El*, the Supreme Court reversed a Dallas County capital murder conviction and death sentence because the prosecutor used his peremptory challenges to exclude African-Americans from jury service based on their race. The majority opinion was particularly critical of an article written by former Assistant District Attorney Jon Sparling suggesting possible reasons for striking minorities from juries. *See Miller-El*, 125 S.Ct. at 2339. The Sparling article was part of a manual distributed to Dallas County prosecutors, including the prosecutors who tried *Miller-El*. *Id.* at 2340.

(N.D. Tex. Nov. 30, 2006), *COA denied*, No. 07-10016 (5th Cir. Dec. 11, 2007); *Baltzgar v. Quarterman*, No. 3-06-CV-0557-P, 2006 WL 2336941 at *2 (N.D. Tex. Aug. 10, 2006), *appeal filed*, No. 06-11285. Therefore, petitioner may not rely on 28 U.S.C. § 2244(d)(1)(C) or (D).[2]

Nor is petitioner entitled to equitable tolling. Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Fites v. Quarterman*, No. 3-06-CV-0559-M, 2006 WL 2356017 (N.D. Tex. Aug. 15, 2006); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *2 (N.D. Tex. Jan. 11, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006); *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003), *COA denied*, No. 03-10518 (5th Cir. Dec. 9, 2003). Without a basis for statutory or equitable tolling of the AEDPA limitations period, petitioner's claims are time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[2] Even if the AEDPA statute of limitations did not begin to run until *Miller-El* was decided, petitioner's federal writ is still untimely. Petitioner did not seek post-conviction relief in state or federal court until June 14, 2007-- more than *two years* after the Supreme Court decided *Miller-El*.

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE